# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

In Re

BEVERLY T. MAAS,                     **Case No. 05-41796**
                                     **Chapter 7**
                **Debtor.**

_____

## MEMORANDUM OF DECISION
_____

### *Procedural History*

Debtor Beverly Maas ("Debtor") filed a voluntary chapter 7[1] petition

on August 9, 2005.  Chapter 7 Trustee Gary L. Rainsdon ("Trustee") was

authorized to employ attorney William R. Hollifield ("Trustee's Counsel") on July

28, 2006.  On June 7, 2007, Trustee's Counsel filed an Application for Attorney

Fees and Costs in which he sought approval for and payment of attorneys fees in

the amount of $657.50 and costs in the amount of $49.61.  Docket No. 14.  The

---

[1]  All chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C.
§§ 101 – 1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036, as
they existed prior to enactment of the Bankruptcy Abuse Prevention and Consumer
Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005),
because  Debtors' bankruptcy case was commenced on August 9, 2005, prior to
BAPCPA's effective date of October 17, 2005.

MEMORANDUM OF DECISION - 1

Court has considered the Application, the attached description of time spent and

hourly rates, as well as Trustee's Counsel's affidavit, and concludes that it cannot

approve all the fees requested for the reasons set forth below.[2]

### *Analysis and Disposition*

The Code "authorizes 'reasonable compensation for actual,

necessary services rendered' by a professional [to a trustee]." 11 U.S.C.

§ 330(a)(1); *Ferrette & Slater v. United States Trustee* (*In re Garcia*), 335 B.R.

717, 724 (9th Cir. BAP 2005). While no objections were filed concerning this

application, the Court has an independent obligation to review the application

even in the absence of an objection. *In re Dale's Crane, Inc.*, 99 I.B.C.R. 8, 8

(Bankr. D. Idaho 1999) (citing *In re Auto Parts Club*, 211 B.R. 29, 33 (9th Cir.

BAP 1997)).

Trustee's Counsel seeks an award of $657.50 in fees, and $49.61 in

expenses for serving as attorney for Trustee. Because the employment of

Trustee's Counsel was properly approved by the Court, if he can demonstrate his

services were actual and necessary, then Trustee's Counsel is entitled to

reasonable compensation for those services and reimbursement of his actual

expenses. *In re Garcia*, 335 B.R. at 723–24. When determining whether the

---

[2]   This decision constitutes the Court's findings of fact and conclusions of
law. Fed. R. Bankr. P. 7052; 9014.

MEMORANDUM OF DECISION - 2

services were actual and necessary, "a professional need demonstrate only that the services were reasonably likely to benefit the estate at the time rendered." *Id*. at 724.

As the Court understands the facts presented in the record,  Trustee's Counsel was employed to assist Trustee in recovering a potential preferential transfer of $800 to a creditor.  If Trustee had been able to recover the preferential payments, such would have resulted in a benefit to the estate.  Even though Trustee eventually decided to abandon any further efforts to recover the alleged preference, the Court concludes Trustee's Counsel's services in advising Trustee about this issue were actual and necessary at the time rendered.

However, a question remains whether the amounts requested as fees are reasonable.  To evaluate the reasonableness of the amount requested, the Court must consider the factors set forth in § 330(a)(3)(A)–(E). *Id.* at 723–24. Specifically, the Court must consider the nature, the extent, and the value of such services, taking into account all relevant factors, including– (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate

MEMORANDUM OF DECISION - 3

with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than bankruptcy cases. § 330(a)(3).

The Court has reviewed Trustee's Counsel's itemization of services and finds that such itemization is not wholly sufficient for the Court to determine whether all the requested fees were reasonable. In particular, the initial entry on the itemization raises a concern. It is dated July 12, 2006, is for 2.0 hours billed at an amount of $125 per hour for a total of $250. The description of the services provided recites: "Review information received from Gary; Review Petition." This description lacks sufficient detail. It describes no discrete task, provides no basis for the Court to determine what services were actually provided for those two hours, or if the work was compensable, *i.e.*, if the services were necessary and benefitted the estate in any way. It is also unclear what "information" was provided to Trustee's Counsel, or why a comprehensive review of information and the bankruptcy petition was required to decide whether Trustee should pursue avoidance of an $800 preference.[3]

---

[3] On this record, the timing of these services also seems odd. According to the itemization, Trustee's Counsel undertook this information review approximately four months before first being contacted by Trustee about the potential preference.

MEMORANDUM OF DECISION - 4

This Court has previously held that the failure to provide an adequate explanation of services rendered is a basis for denial of fees.  *In re Voechting*, 03.4 I.B.C.R. 237, 238 (Bankr. D. Idaho 2003).  A lack of detail:

> requir[es] the Court to speculate about what services
> [counsel] actually performed, and about any benefit to
> the bankruptcy estate that presumably flowed from
> those services.  This renders the Court's task in
> reviewing the reasonableness of [counsel's] fee request
> an unnecessarily difficult and imprecise exercise.

*Id.*  Furthermore, Rule 2016(a) requires that any application for compensation set forth a "detailed statement" of the services rendered and time expended.  Merely stating that Trustee's Counsel spent two hours to "review information" or to "review petition" is simply insufficient.

### Conclusion

Trustee's Counsel has demonstrated a basis for an award of compensation in the amount of $407.50, and reimbursement of costs in the amount of $49.61.  If Trustee's Counsel wishes to provide greater detail concerning the services rendered on July 12, 2006, he may do so within fourteen (14) days of the date of entry of this decision.  If no additional information is timely filed, an order will be entered awarding the amount of fees and costs set forth herein.

Dated: July 10, 2007

MEMORANDUM OF DECISION - 5

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 6